UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN CLEVELAND GREEN, | No. 2:18-cv-1931 KJN P |
| Plaintiff, | |
| v. | ORDER |
| DR. G. CHURCH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff alleges that on August 26, 2017, he filed a health care appeal stating that as a result of taking a medical shampoo/lotion, he now had a scalp and "fungal face disease infection." (ECF No. 1 at 4.) Plaintiff asked to see a dermatologist, but his appeal was denied. Plaintiff claims Dr. Agarwal gave him tolnaftate, etc., and Dr. Church gave him hydrocortisone lotion, but none of these worked. Plaintiff claims he showed Dr. Montauk the disease in a specimen container, but the doctor refused to recommend a dermatologist, order lab work, or send the specimen to a lab. Plaintiff claims he contracted the fungus disease in 2017, and in 2018, he was informed he had been referred to dermatology, but alleges the doctors at CHCF have allowed him to live with this fungus to date. Plaintiff seeks money damages, but will reduce his claim for money damages if he is referred to a dermatologist who can remove the infection. Plaintiff names Dr. Church, Dr. Agarwal, Dr. Montauk, Warden Martel, and Chief Medical Executive Adams as defendants.

First, plaintiff fails to include charging allegations as to each named defendant. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the plaintiff's alleged deprivation. Rizzo v. Goode, 423 U.S. 362, 371 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are customarily not liable under § 1983 for the actions of their employees under a theory of

3

respondeat superior, because every defendant is liable only for his or her own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Thus, for example, prisoners cannot state cognizable medical claims against wardens based solely on the warden's role as warden of the state prison.

Second, inmates have no separate constitutional right to a prison grievance or appeal system. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). A prison official's denial of a grievance does not itself violate the constitution. Evans v. Skolnik, 637 Fed. Appx. 285, 288 (9th Cir. 2015), cert. dism'd, 136 S. Ct. 2390 (2016). Thus, the denial, rejection, or cancellation of a grievance does not constitute a due process violation. See, e.g., Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Third, as presently pled, plaintiff's claims against Dr. Agarwal and Dr. Church fail to demonstrate a cognizable Eighth Amendment claim. Rather, it appears these doctors ordered treatment for plaintiff's facial dermatitis. Absent facts not alleged here, their actions in prescribing medications or lotions fail to show deliberate indifference, even if such treatment later proved ineffective.

Plaintiff is advised of the following standards governing medical claims.

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment of the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). In order to prevail on a claim of cruel and unusual punishment, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the

deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

While the Eighth Amendment entitles plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

To establish "deliberate indifference" to such a need, the prisoner must demonstrate: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Jett, 439 F.3d at 1096. Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citations omitted). The defendant must have been subjectively aware of a serious risk of harm and must have consciously disregarded that risk. See Farmer v. Brennan, 511 U.S. 825, 845 (1994). An "isolated exception" to the defendant's "overall treatment" of the prisoner does not state a deliberate indifference claim. Jett, 439 F.3d at 1096. Similarly, "mere malpractice, or even gross negligence" in the provision of medical care does not establish a constitutional violation. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990); see also Farmer, 511 U.S. at 835 (deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety'") (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)); Wilhelm, 680 F.3d at 1123 (a "negligent misdiagnosis" does not state a claim for deliberate indifference).

////

In addition, "[a] difference of opinion between a physician and the prisoner -- or between medical professionals -- concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson v. McIntosh, 90 F.3d at 332) (internal quotation marks omitted).

In order to prevail on a claim involving defendants' choices between alternative courses of treatment, a prisoner must show that the chosen treatment "was medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d at 332. In other words, so long as a defendant decides on a medically acceptable course of treatment, his actions will not be considered deliberately indifferent even if an alternative course of treatment was available. Id.

Here, plaintiff's allegations and his exhibits suggest that prison doctors have tried different treatments in an effort to resolve plaintiff's facial dermatitis, but such efforts, to date, have failed. In the face of such failure, Dr. Agarwal requested that plaintiff be referred to a dermatologist, which request was approved on May 25, 2018. The referral order states that plaintiff "has failed multiple treatments of antifungal creams, . . . . Without significant improvement." (ECF No. 1 at 8.) Thus, although plaintiff has suffered some delay, medical staff have tried multiple treatments, and plaintiff has been referred to a dermatologist. Absent additional facts not alleged here, plaintiff's allegations as to Dr. Montauk are insufficient because plaintiff was referred to a dermatologist.

Plaintiff's complaint fails to state a cognizable Eighth Amendment claim for relief. The court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). For example, plaintiff must demonstrate his facial

dermatitis is a serious medical need and, if he seeks money damages for the alleged delay in treatment, he must demonstrate how such delay was harmful, if it was.

Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: September 27, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/gree1931.14n

```
1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                      FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   WARREN CLEVELAND GREEN,              No. 2:18-cv-1931 KJN P
12              Plaintiff,
13        v.                              NOTICE OF AMENDMENT
14   DR. G. CHURCH, et al.,
15              Defendants.
16
17        Plaintiff hereby submits the following document in compliance with the court's order
18   filed_____.
19                 _____        Amended Complaint
20   DATED:
21
22                                       _____
                                         Plaintiff
23
24
25
26
27
28
```