UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN C. GREEN,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. CHURCH, et al.,<br><br>        Defendants. | No. 2:18-cv-1931 WBS KJN P<br><br>ORDER |

Introduction

    Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's amended complaint is now before the court. As discussed below, his amended complaint is again dismissed with leave to amend.

Screening Standards

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's Amended Complaint

Plaintiff alleges that in 2016, defendant Akintola prescribed a medical shampoo/lotion that caused a negative reaction, including itching and burning to plaintiff's face and scalp, which persists today. Because of the medical misdiagnosis of dermatitis, plaintiff contends he is being allowed to live with this skin fungus infection, which defendants are treating with ineffective creams as if it is a rash rather than an infection. Plaintiff alleges that the shampoo went into his pores and blood stream causing an internal infection in his organs. As of October 2018, plaintiff claims the fungal infection is still in his face and head, which could be confirmed by a biopsy but CHCF doctors will not send plaintiff to an outside hospital to prove plaintiff has a skin infection fungus. (ECF No. 14 at 3.) Plaintiff reiterates the following treatments by defendant:

    Dr. Handhar prescribed ciotrimazole cream 3/9/2017

    Dr. Hlaing prescribed bacitracin/polymyxin 7/6/2017

| | |
|---|---|
| 1 | PA Akintola prescribed clotrimazole cream 2/22/2017 |
| 2 | Dr. Agarwal prescribed Tolnaftate 2017 |
| 3 | Dr. Church prescribed hydrocortisone 2017 |
| 4 | Dr. Agarwal prescribed Nystatin in 2018 (recommended by dermatologist) |
| 5 | Dr. Agarwal prescribed Amoxicillin 10/1/2018 |

(ECF No. 14 at 4-5.) Plaintiff claims that none of the creams or Nystatin have worked, and contends that when their treatment fails and the doctors still refuse to send plaintiff to an outside hospital it rises to the level of deliberate indifference and cruel and unusual punishment. Plaintiff contends that his condition could be properly diagnosed by a skin biopsy. In his first cause of action, plaintiff alleges he is being denied medical care because he is suffering from a skin fungus infection which is being misdiagnosed by doctors at CHCF, who are calling it dermatitis. In his second cause of action, plaintiff contends defendants violated their duty of care by constantly prescribing creams that did not work, breaching their duty of care. Plaintiff seeks money damages.

Finally, plaintiff claims that in October of 2018, he sent a third level appeal grievance to Health Care Services requesting to be sent to an outside hospital because of his ongoing medical problem and because Dr. Malakkla, Chief Physician, refused to send plaintiff to an outside hospital. (ECF No. 14 at 8.)

Discussion

Negligence is Insufficient

As plaintiff was previously advised, mere negligence or the misdiagnosis of a medical ailment are insufficient to state a cognizable civil rights claim. (ECF No. 8 at 3-6.)

In order to state a claim under the Eighth Amendment regarding medical care, plaintiff must allege and prove that he suffered a sufficiently serious deprivation (the objective prong of the claim) and that officials acted with deliberate indifference in allowing or causing the deprivation to occur (the subjective prong of the claim). Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Thus, when a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate

3

indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quotation omitted). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Here, plaintiff has again failed to set forth specific facts as to each named defendant, and does not explain how each defendant's actions or inactions rise to the level of deliberate indifference. Rather, plaintiff claims his condition was misdiagnosed, or that defendants were negligent by breaching their duty of care. Such allegations, without more, fail to rise to the level of deliberate indifference, a higher standard than negligence. For example, in order for plaintiff to state a cognizable claim against doctors who treated plaintiff, he must allege facts showing that the chosen treatment "was medically unacceptable under the circumstances," and was chosen "in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d at 332; Wilkins v. Magat, 2018 WL 4638699, *15-16 (N.D. Cal. Sept. 25, 2018) (evidence demonstrated doctors ordered treatment for prisoner's facial dermatitis; and no evidence defendants were deliberately indifferent to prisoner's various skin disorders). Under these high standards, it is unclear plaintiff can state a cognizable claim against the first few doctors who

treated him, absent facts not alleged here, because such doctors would not be aware that the prescribed treatment would not work.

Moreover, the allegations and exhibits provided by plaintiff in this action demonstrate that he has received various treatments by medical staff in an effort to address plaintiff's skin condition which has been diagnosed as seborrheic dermatitis. (See, e.g., ECF No. 16 at 8, 12.) Plaintiff alleges no facts demonstrating that any of the named defendants were deliberately indifferent to plaintiff's medical needs; rather, his allegations suggest a disagreement with such medical professionals about the diagnosis and the treatment provided. Plaintiff received referrals to dermatology.[1] (ECF No. 16 at 8.) Plaintiff is enrolled in the chronic care program, and has been provided creams, antifungal creams, prescription creams, antibiotics, and was provided a skin biopsy in February 2018, which did not show plaintiff had a fungal infection. (ECF No. 16 at 11-12, 18-20.) As of December, 2018, plaintiff had an active prescription of ketoconazole topical cream for his skin condition. (ECF No. 16 at 12.) Absent facts not alleged here, plaintiff fails to demonstrate that any defendant was deliberately indifferent to plaintiff's serious medical needs.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. But plaintiff must show that each defendant was aware of the delay and show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994) (failed to show minor delays caused any harm); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990) (negligence or inexcusable actions do not amount to deliberate indifference). Doctors who initially treated plaintiff would not be responsible for delay that had not yet occurred.

Because plaintiff has failed to include specific charging allegations as to each named defendant, his pleading must again be dismissed. Plaintiff is provided one final opportunity in which to file a second amended complaint.

////

////

---

[1] In the second level appeal response, the reviewer noted that plaintiff had refused the scheduled appointment with dermatology on September 21, 2018. (ECF No. 16 at 8.)

<u>Leave to Amend</u>

The court finds the allegations in plaintiff's amended complaint fail to state an Eighth Amendment claim based on deliberate indifference to serious medical needs. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Cmty. Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which each defendant engaged in that support plaintiff's claim and demonstrate deliberate indifference. <u>Id.</u> Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

6

Extraneous Filings

Finally, the court notes that plaintiff filed multiple documents with and after he filed his amended complaint. For example, with his notice of amendment, plaintiff attached a copy of his original complaint. Plaintiff is advised that all documents filed with the court remain in the court record. Therefore, he should not file duplicate copies of documents previously filed. After he filed his amended complaint, plaintiff filed a document entitled "Deliberate Indifference . . .," and two "supplemental reports." (ECF Nos. 15-17.) Plaintiff is advised that all of his allegations against defendants must be contained in one complaint. Unless the court asks for further briefing, or plaintiff is required to submit evidence in support of an opposition to a dispositive motion, plaintiff should not file additional exhibits or other "supplemental reports."[2]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (ECF No. 14) is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must be filed on the court's complaint form, bear the docket number assigned this case and be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint.

Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: February 13, 2019

/gree1931.14amd

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] A litigant proceeding in forma pauperis may suffer restricted access to the court where it is determined that he has filed excessive documents or motions in a pending action. DeLong v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); see also Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989).

7