UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN C. GREEN,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. CHURCH, et al.,<br><br>    Defendants. | No. 2:18-cv-1931 WBS KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with an action filed pursuant to 42 U.S.C. § 1983. By order filed February 13, 2019, plaintiff's amended complaint was dismissed with leave to file a second amended complaint. Plaintiff has now filed a second amended complaint.

Plaintiff alleges that from 2016 through 2019, he has been allowed to suffer with a bacteria/host/parasite in the skin on his face and scalp, which can be seen when shaven off, and that Dr. Agarwal refused to send plaintiff to an outside hospital to solve this serious medical need when prescribed treatments failed. Plaintiff states that the parasite grows every day, and it burns and itches. Liberally construed, plaintiff argues that Dr. Agarwal's delay in care has subjected plaintiff to additional pain and suffering, as well as further potential harm due to his paralysis (ECF No. 19 at 8).

////

The second amended complaint states a potentially cognizable Eighth Amendment claim for relief against defendant Dr. Agarwal pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

However, plaintiff fails to state a cognizable Eighth Amendment claim against defendant Akintola. Physician's Assistant Akintola prescribed plaintiff selenium sulfide shampoo, apparently in 2016. (ECF No. 19 at 6.) Plaintiff contends that such shampoo caused plaintiff's skin problem. However, plaintiff fails to demonstrate that Akintola acted with a culpable state of mind; in other words, that Akintola was aware of a substantial risk by prescribing such shampoo, yet prescribed the shampoo anyway. As plaintiff was previously informed, in order to state a claim under the Eighth Amendment regarding medical care, plaintiff must allege and prove that he suffered a sufficiently serious deprivation (the objective prong of the claim) and that the defendant acted with deliberate indifference in allowing or causing the deprivation to occur (the subjective prong of the claim). Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Toguchi, 391 F.3d at 1060 (quotation omitted). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Toguchi, 391 F.3d at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

Plaintiff has been provided multiple opportunities in which to state a claim against defendant Akintola. Thus, it appears that further amendment would be futile inasmuch as plaintiff has failed to allege sufficient facts to support a deliberate indifference claim against such

////

defendant. The undersigned recommends that defendant Akintola be dismissed without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for defendant Dr. Agarwal.

2. The Clerk of the Court shall send plaintiff one USM-285 forms, one summons, an instruction sheet and a copy of the second amended complaint filed February 22, 2019. (ECF No. 19.)

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

    d. Two copies of the endorsed amended complaint (ECF No. 19).

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

Further, IT IS HEREBY RECOMMENDED that defendant Akintola be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that

////

////

////

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 18, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/gree1931.1amd

4

|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| WARREN C. GREEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. CHURCH, et al.,<br><br>　　　　Defendants. | No.  2:18-cv-1931 WBS KJN P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

　　　　Plaintiff hereby submits the following documents in compliance with the court's order filed _____ :

　　\_\_\_\_　　　　completed summons form

　　\_\_\_\_　　　　completed USM-285 forms

　　\_\_\_\_　　　　copies of the _____
　　　　　　　　　　　Amended Complaint

DATED:

　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　Plaintiff

1