UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN C. GREEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. G. CHURCH, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-1931 WBS KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This action proceeds on plaintiff's second amended complaint in which he alleges that from 2016 through 2019, he has been allowed to suffer with a bacteria/host/parasite in the skin on his face and scalp, which can be seen when shaven off, and that Dr. Agarwal refused to send plaintiff to an outside hospital to solve this serious medical need when prescribed treatments failed. Plaintiff argues that Dr. Agarwal's delay in care has subjected plaintiff to additional pain and suffering, as well as further potential harm due to his paralysis (ECF No. 19 at 8). The court found that plaintiff stated a potentially cognizable Eighth Amendment claim for relief against Dr. Agarwal.

On August 23, 2019, plaintiff filed a motion styled "Motion for an injunction to be sent to a community [hospital] for serious medical needs," in which he seeks an order that plaintiff be sent to an outside hospital. (ECF No. 38.)

1

For the reasons set forth below, the undersigned finds that plaintiff's motion is too vague and incomplete to support a claim for injunctive relief, and therefore dismisses the motion without prejudice to renewal upon a proper showing.

Legal Standards

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The Ninth Circuit has held that, even if the moving party cannot show a likelihood of success on the merits, injunctive relief may issue if "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation omitted). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984)).

In addition, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969); SEC v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007). Similarly, the pendency of this action does not give the Court jurisdiction over prison officials in general or over plaintiff's litigation issues. Summers v. Earth Island Institute, 555 U.S. 488, 492-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). This Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. Summers, 555 U.S. at 492-93; Mayfield, 599 F.3d at 969.

Plaintiff's Motion

It is unclear whether Dr. Agarwal is still employed at the California Health Care Facility ("CHCF"). Although plaintiff remains housed at CHCF, plaintiff now claims that his primary care physician is Alex Farhat, M.D., who prescribed plaintiff hydrocortisone cream for plaintiff's skin condition, but who did not respond to plaintiff's request to be sent to a hospital. Plaintiff showed Dr. Farhat the alleged "elements of the disease in a medical specimen cup," and Dr. Farhat stated he did not know what that was, and that was why he was referring plaintiff to a dermatologist. Plaintiff claims that he has never seen a dermatologist in person, only via tele-med camera TV.

Discussion

In the instant motion, plaintiff has failed to address the elements required under Winter. The operative pleading provides no support for injunctive relief because his allegations are based on alleged Eighth Amendment violations by Dr. Agarwal, not Dr. Farhat. Plaintiff filed no supporting affidavit or memorandum of law in support of his motion. However, plaintiff provided a copy of a Headquarters' Level Response to plaintiff's administrative appeal CHCF HC 19000709 which recounted plaintiff's recent medical treatment, including a dermatology consultation on July 1, 2019. (ECF No. 38 at 7.) The consult was a telemed appointment, but the response notes plaintiff's "skin was examined via telemedicine camera, and the specialist noted [plaintiff's] skin condition." (Id.) The specialist recommended that plaintiff "refrain from dry shaving, shave with soap and water, and apply hydrocortisone cream to the affected itchy areas." (Id.)

Moreover, it appears that Dr. Farhat is a new doctor treating plaintiff at CHCF, and planned to refer plaintiff to a dermatologist. Such allegations, standing alone, fail to state a cognizable Eighth Amendment civil rights claim because there are no allegations demonstrating Dr. Farhat is being deliberately indifferent. To prevail on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must show that: (1) he had a serious medical need; and (2) the defendant's response to the need was deliberately indifferent. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976). Plaintiff's

difference of opinion as to how Dr. Farhat should medically treat plaintiff is insufficient, without more, to state a civil rights claim, and it appears his decision to prescribe the cream is supported by the dermatology specialist's recommendation. It is well established that "a mere difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference." Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (alterations in original) (citation omitted). This rule applies whether the difference is between the medical professional(s) and a prisoner or two or more medical professionals. Hamby v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation omitted).[1]

Finally, because Dr. Farhat is not named as a defendant herein, plaintiff's claim as to Dr. Farhat will not be heard on the merits in this action.

For all of the above reasons, plaintiff's motion is denied without prejudice.

Conclusion

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 38) is denied without prejudice.

Dated: August 29, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/gree1931.pi

---

[1] Of course, in an appropriate case, a prisoner may state a claim of deliberate indifference to medical needs based on a difference of medical opinion. To do so, the prisoner must show that "the course of treatment the doctors chose was medically unacceptable under the circumstances," and that they "chose this course in conscious disregard of an excessive risk to [the prisoner's] health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citations omitted).

4