UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN CLEVELAND GREEN, | No. 2:18-cv-1931 WBS KJN P |
| Plaintiff, | |
| v. | ORDER |
| DR. G. CHURCH, et al., | |
| Defendants. | |

Plaintiff filed a motion for extension of time to file a notice of appeal. Plaintiff contends that he requires access to the law library in order to prepare "a supplemental information evidence report" and certificate of appealability.

<u>Rules Governing Extension to Appeal</u>

An appeal "from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3(a)(1). The notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). However, the district court may extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires," and "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed.

R. App. P. 4(a)(5)(C).

Here, judgment was entered on January 13, 2021, and plaintiff's motion for extension was filed on January 21, 2021.

Because plaintiff's motion for extension of time was timely filed, and he has shown good cause, his motion is granted. That said, plaintiff is cautioned that this court has no discretion to grant plaintiff more time to file an appeal. Because plaintiff is being granted the additional thirty days, Rule 4(a)(5)(C) precludes any further extensions. Fed. R. App. P. 4(a)(5)(C) ("No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time.) In other words, no further extensions of time will be granted because the court has no authority to do so. Id.

Contents of an Appeal

Plaintiff is advised that while certificates of appealability are required in habeas corpus actions they are not needed in a civil rights action such as this one. Moreover, if plaintiff wishes to appeal the judgment in this case, he should file a notice of appeal in accordance with the Federal Rules of Appellate Procedure. See Fed. R. App. P. 3 & 4. For example, Rule 3(c) provides:

> (c) Contents of the Notice of Appeal.
>
> (1) The notice of appeal must:
>
> (A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with such terms as "all plaintiffs," "the defendants," "the plaintiffs A, B, et al.," or "all defendants except X";
>
> (B) designate the judgment, order, or part thereof being appealed; and
>
> (C) name the court to which the appeal is taken.

Fed. R. App. P. 3(c). Form 1 in the Appendix of Forms is a suggested form of a notice of appeal. Fed. R. App. P. 3(5). In other words, the notice of appeal does not require briefing, lengthy explanation or supporting evidence; rather, the appellate court will order the filing of an opening brief, if appropriate.

////

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 57) is granted; and

2. Plaintiff is granted thirty days from the date of this order in which to file a notice of appeal.

Dated: January 27, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/gree1931.app.ext